O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 17 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALAN FRIEND, | Case No. EDCV 12-01716 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant.[1] | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") erred in rejecting the opinions of the consultative examining psychologist, Kathy Vandenburgh, Ph.D., and the state agency medical consultant, R.E. Brooks, M.D. (JS 5-7, 22-23.) Plaintiff argues that if the ALJ had properly accepted these doctors' opinions, Plaintiff would have been

---

[1] The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

found to have a severe mental impairment, and his residual functional capacity ("RFC") would have precluded the performance of his past, relevant work as a telemarketer, Dictionary of Occupational Titles ("DOT") 299.357-014. (JS 5-13, 22-24.)

Dr. Vandenburgh performed a psychological evaluation of Plaintiff in March 2010. (AR 515-21.) Plaintiff reported a history of depression and bipolar disorder. (AR 516.) Plaintiff was taking medication (Xanax and Prozac) for his condition and had a history of outpatient mental health treatment, but was not receiving treatment at the time of the consultation. (AR 516-17.) Test results and clinical data indicated that Plaintiff's intellectual functioning was in the borderline to low average range, and that his auditory memory functioning was in the borderline range. (AR 520.) Dr. Vandenburgh diagnosed bipolar disorder, and concluded that Plaintiff had "marked" limitations in the ability to complete complex tasks and "slight" limitations in the ability to concentrate for two-hour increments. (AR 520.)

The ALJ stated that he gave "great weight" to Dr. Vandenburgh's findings and noted that Plaintiff's diagnosis of bipolar disorder and depression interfere with his capacity to perform complex instructions. (AR 15, 21.) However, the ALJ's decision inconsistently reflects that the ALJ rejected Dr. Vandenburgh's opinion. Specifically, at step 2 of the sequential process, the ALJ found that Plaintiff's mental condition was not a severe impairment, and in assessing Plaintiff's RFC for sedentary work, the ALJ failed to include any limitations in mental functioning.[2] (AR 16, 20.) In essence, the ALJ disregarded Dr. Vandenburgh's finding that Plaintiff had marked limitations in the ability to perform complex tasks, without providing any legitimate reasons for doing so. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1996) (if a treating or examining physician's opinion on disability is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record); *Pitzer v. Sullivan*,

---

[2] Specifically, the ALJ found that Plaintiff had the RFC to lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk two hours and sit six hours in an eight-hour workday, and engage in occasional postural movements such as climbing, balancing, kneeling, crouching, crawling, and stooping. (AR 14.)

Page 2

908 F.2d 502, 506 (9th Cir. 1990) (finding that an ALJ may reject an uncontroverted opinion of an examining physician only for clear and convincing reasons). While the ALJ did note that Plaintiff was not receiving psychiatric treatment, and was reliant on his internist for psychotropic medications, a lack of mental health treatment is a questionable basis on which to reject a claim of a mental impairment. (AR 20-21); *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation") (citation and inner quotation marks omitted); *Regennitter v. Commissioner of the Social Security Administration*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999). And, the fact that Plaintiff's medication had been prescribed by Plaintiff's internist, rather than a mental health specialist, was not a legitimate reason for rejecting Dr. Vandenburgh's opinion. (AR 165, 544-45, 577, 581, 585, 602, 656, 658, 660, 758, 955, 959, 987, 996, 1004); *see., e.g., Lester*, 81 F.3d at 833 (rejecting argument that treating physician's opinion as to the claimant's mental functioning could be rejected because the treating physician was not a mental health specialist); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

      The ALJ also failed to give proper consideration to the opinion of Dr. Brooks, the state agency medical consultant. Dr. Brooks assessed Plaintiff with "marked" limitations in the ability to understand and remember detailed instructions, "moderate" limitations in the ability to carry out detailed instructions, and "moderate" limitations in the ability to maintain attention and concentration for extended periods. (AR 522.) Dr. Brooks also noted on the psychiatric review technique form that Plaintiff had "moderate" restrictions in the ability to maintain concentration, persistence, and pace. (AR 533.) Dr. Brooks concluded that Plaintiff should be able to understand and remember one- to two-step instructions, maintain persistence and pace and concentration while performing one- to two-step instructions, interact appropriately with co-workers, the public and supervisors, and adapt to changes. (AR 524.) The ALJ summarized Dr. Brook's findings, but did not include them in the RFC determination. (AR 20-21.) Although the ALJ was not bound

by Dr. Brook's opinion, the ALJ was still obligated to explain why he was rejecting it. *See* 20 C.F.R. § 404.1527(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *see also* SSR 96-6p, 1996 WL 374180, at *1 ("Findings . . . made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions."). The ALJ's consideration of Dr. Brook's opinion is not supported by substantial evidence.

The Commissioner argues that even if the ALJ erred by failing to include a limitation to one- to two-step instructions in the RFC, the error was harmless. (JS 20-21); *see, e.g., Stout v. Comm'r of Soc. Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability.) At the hearing, the vocational expert ("VE") testified that a person limited to sedentary work and one- to two-step instructions would be able to perform Plaintiff's past work as a telemarketer. (AR 51, 53.) The telemarketer job is a semi-skilled job with a specific vocational preparation level ("SVP") of 3, indicating that the preparation time for learning the job was "over 1 month up to and including 3 months." DOT 299.357-014, Appendix C (defining SVP level "as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."). The VE explained that while the telemarketer position has an SVP level of 3, the position could be performed by a person limited to one- to two-step instructions, as it involves taking calls and getting information. (AR 51.) Later, the VE testified that her testimony was consistent with the DOT. (AR 54.) However, the VE's testimony regarding the conflict with the DOT

Page 4

pertained only to the SVP level of the telemarketer job. The VE did not testify about the separate concept of reasoning level, which addresses the minimal ability a worker needs to complete a job's tasks. *See Meissl v. Barnhart*, 403 F.Supp.2d 981, 983 (C.D. Cal. 2005) ("SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity . . . .") (citation and quotation marks omitted). The telemarketer job requires level 3 reasoning skills, which is defined as: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT 299.357-014; *see* DOT, Appendix C. District courts in the Ninth Circuit have consistently held that a limitation to one and two-step instructions is inconsistent with the DOT's definition of level 3 reasoning skills. *See, e.g., Hamlett v. Astrue*, No. CV 11-03818-JEM, 2012 WL 469722, at *4 (C.D. Cal. Feb.14, 2012) (VE testimony that the plaintiff could perform jobs at level 3 reasoning "plainly conflict[s] with the ALJ's RFC limitation to one and two-step instructions"); *Lee v. Astrue*, No. 1:08-cv-01505-GSA, 2010 WL 653980, at *11 (E.D. Cal. Feb.19, 2010) (limitation to tasks with one- or two-step directions not inconsistent with jobs requiring level 2 reasoning, but did conflict with a job requiring level 3 reasoning); *Grigsby v. Astrue*, No. EDCV 08-1413 AJW, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning.").[3/] The Court concurs with the

---

[3/]   Numerous courts in this district have also found that a limitation to simple, repetitive tasks is inconsistent with the performance of jobs with reasoning levels of 3 or higher. *See, e.g., Carney v. Astrue*, No. EDCV 09-1984 JEM, 2010 WL 5060488, at *4 (C.D. Cal. Dec. 6, 2010); *Franklin v. Astrue*, No. CV 12-258 MRW, 2013 WL 425118, at *2 (C.D. Cal. Jan. 31, 2013); *Flores v. Astrue*, No. CV 11-10714 MAN, 2013 WL 146190, *6 (C.D. Cal. Jan. 11, 2013); *Stevens v. Astrue*, No. CV 10-8042 SP, 2011 WL 4055804, at *4 (C.D. Cal. Sept. 12, 2011); *Clark v. Astrue*, No. EDCV 09-9453 PJW, 2011 WL 1648584, at *3 (C.D. Cal. April 29, 2011); *Wright v. Astrue*, No. EDCV 10-400 SS, 2010 WL 4553441, at *4-5 (C.D. Cal. Nov. 3, 2010); *McGensy v. Astrue*, No. EDCV 09-152 AGR, 2010 WL 1875810, at *3 (C.D. Cal. May 11, 2010); *Pak v. Astrue*, No. EDCV 08-714 OP, 2009 WL 2151361, at *7 (C.D. Cal. July 14, 2009). A restriction to one- to two-step instructions is considered more restrictive than a limitation to simple,
(continued...)

reasoning and conclusion in those cases. On the present record, there is an apparent conflict between the VE testimony and the DOT. The VE did not provide any explanation for her assessment of Plaintiff's ability to perform the telemarketing job with a reasoning level 3. When there is a conflict between the testimony of the VE and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony to support a decision about whether the claimant is disabled. *See* SSR 00-4p; *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793-94 (9th Cir. 1997) (remanding where neither ALJ nor VE explained discrepancies between RFC findings and DOT). In the absence of any clear evidence in the record to support the deviation between the VE's testimony and the DOT, the ALJ's errors in assessing Plaintiff's mental impairment cannot be deemed harmless, and remand is appropriate. *See, e.g., Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (remand warranted where ALJ found claimant not disabled at step four based "largely" on VE's testimony that conflicted with DOT, neither ALJ nor VE addressed the deviation, and ALJ otherwise "made very few findings"); *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000) (where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

Finally, Plaintiff contends that he should be found disabled pursuant to Rules 201.12 and/or 201.14 of the Medical-Vocational Guidelines, based on his age, education, inability to perform his past work, and limitation to sedentary, unskilled work. (JS 20-21); *see* 20 C.F.R. Pt. 404, App. 2, Tbl. 1. This argument is flawed. First, as discussed above, this case should be remanded for further consideration of Plaintiff's mental impairment. While the ALJ purported to accept the opinion of Dr. Vandenburgh, the

---

[3] (...continued)
repetitive work. *See, e.g., Raupp v. Astrue*, No. EDCV 10-1389 JC, 2011 WL 2135090, at *4 (C.D. Cal. May 31, 2011) ("Although an individual who can perform 'simple, repetitive' work is not necessarily precluded from Level 2 reasoning jobs, an individual who is also limited to "one-to-two-step job tasks" would be precluded from such jobs.").

Page 6

ALJ's decision did not accurately reflect her medical opinion. The ALJ also failed to discuss the weight accorded to Dr. Brook's opinion. At this point, there are unresolved questions of whether the ALJ was required to accept the opinions of Dr. Vandenburgh or Dr. Brooks and whether Plaintiff would be precluded from performing his past work as a telemarketer. Second, to be found disabled under Rules 201.12 and/or 201.14, a claimant would need to have only unskilled past relevant work experience or no transferable skills. 20 C.F.R. Pt. 404, App. 2, Tbl. 1, 201.12, 201.14; *see* 20 C.F.R. § 404.1568(d)(1) (explaining that an ALJ can find a claimant's acquired skills are transferable to other jobs "when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work"). Here, the record demonstrates that Plaintiff has semi-skilled past relevant work, and the ALJ did not address the issue of transferable skills. (AR 48.) Thus, Plaintiff's argument that he should be found disabled under Rules 202.12 and/or 202.14 is rejected.

Accordingly, Plaintiff is entitled to remand for further proceedings on Issue #1.

### ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman*, 211 F.3d at 1175-78. When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that, when properly resolved, may ultimately still lead to a not disabled finding. *See INS v.*

*Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotation marks and citation omitted). The Court has found that the ALJ's evaluation of Plaintiff's mental impairment was not supported by substantial evidence and this issue should be revisited on remand. Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.

DATED: October 17, 2013

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE